OPINION OF THE COURT
Per Curiam.
Order, entered May 24, 2006, reversed to the extent appealed from, with $10 costs, and matter remanded to Civil Court for a calculation of the rent owed by tenant in accordance with this decision, and entry of a final judgment accordingly.
The evidence presented at the trial of this nonpayment summary proceeding established that tenant took occupancy of the subject stabilized apartment in March 1999. While the initial 1999 lease agreement did not specify that the $600 monthly rental amount reserved therein was a preferential rent, it is undisputed that landlord timely filed apartment registration statements with the Division of Housing and Community Renewal from 1999 through 2003, listing both the legal regulated rent and preferential rent, and that tenant was served with the registration statements. Tenant, without objecting to the rental amounts or the preferential rent designations, executed several renewal lease forms covering the period March 2000 through February 2004, each of which delineated the legal and preferential rent.
On these facts, where a series of renewal lease forms and apartment registration statements reflected the “preferential” status of tenant’s rent, tenant may not be heard to argue that the rent that he paid without objection was not a preferential rent (Matter of Coffina v New York State Div. of Hous. & Community Renewal, 18 Misc 3d 1106[A], 2007 NY Slip Op 52429[U] [Bransten, J., 2007]). Under Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-511 (c) (14), landlord was entitled to offer a renewal lease that charged the “previously established” legal regulated rent. The legal regulated rent was “previously established” since it was listed on the renewal leases as well as landlord’s annual registration statements (see Rent Stabilization Code [9 NYCRR] § 2521.2 [b]). “Where the amount of rent set forth in the annual rent registration statement filed four years prior to the most recent registration statement is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter” (Administrative Code of City of *11 NY § 26-516 [a]). Thus, tenant may not now challenge landlord’s treatment of the rent as preferential, having “had notice that [landlord] treated his rent as a ‘preferential rent’ for at least four years” (Matter of Coffina v New York State Div. of Hous. & Community Renewal, 18 Misc 3d 1106[A], 2007 NY Slip Op 52429[U], *5 [2007]). Nor may tenant rely upon undated lease riders purporting to extend the preferential rent for the duration of tenant’s occupancy since the riders were not executed by either party. Landlord, having met the statutory requirements for terminating the preferential rent, was entitled to charge the legal regulated rent upon renewal in the lease commencing March 1, 2004.
McKeon, P.J., and Davis, J., concur.